IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CT-3190-FL

| | | |
|---|---|---|
| DENNIS C. IDYLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NORTH CAROLINA DEPARTMENT OF CORRECTION MEDICAL DEPARTMENT, DR. LAND, NURSE KENDRICK, NURSE FLICK, NURSE WHITT, and NURSE BREWER, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

The matter is before the court upon plaintiff's motions "to hold lawsuit in moot" (DE 32, 39), motion "not to dismiss plaintiff lawsuit" (DE 38), and "motion to inform court not to dismiss" (DE 45). Also before the court are the motions to dismiss (DE 26, 37) filed by defendant Dr. Eurgia C. Land ("Land"). In this posture, the issues raised are ripe for adjudication.

**BACKGROUND**

On October 2, 2012, plaintiff, a state inmate, filed this action pursuant to 42 U.S.C. § 1983 against defendants the North Carolina Department of Correction Medical Department and Dr. Eurgia C. Land ("Land"). Plaintiff alleged that Land acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment to the United States Constitution when Land terminated plaintiff's methadone prescription, causing him to experience withdrawal symptoms. On April 15, 2013, the court conducted a frivolity review of this action and dismissed plaintiff's claim

against the North Carolina Department of Correction Medical Department, but allowed plaintiff to proceed against Land.

Plaintiff subsequently filed a motion to amend his complaint to include an Eighth Amendment claim against nurses Ms. Kendrick ("Kendrick"), Ms. Flick ("Flick"), Ms. Whitt ("Whitt"), and Ms. Brewer ("Brewer") arising out of a separate Eighth Amendment claim which arose out of an incident which occurred from May 13, 2013, through May 28, 2013. The court granted plaintiff's motion to amend.

Land thereafter filed a motion to dismiss, arguing that plaintiff's action should be dismissed for insufficiency of service of process pursuant to Federal Rule of Civil Procedure 12(b)(5) and Federal Rule of Civil Procedure 4. Alternatively, Land argued that plaintiff's action should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. The issues raised were fully briefed. Land subsequently withdrew the insufficiency of service portion of his motion to dismiss.

On August 15, 2013, plaintiff submitted a pleading requesting that the court dismiss Kendrick, Flick, Whitt, and Brewer from this action, which this court allowed. On August 19, 2013, plaintiff filed a motion to stay the action to allow him the opportunity to obtain counsel upon his expected release on February 27, 2014. On September 6, 2013, plaintiff filed a pleading captioned "motion not to dismiss plaintiff's lawsuit," and a few days later filed a motion "asking the court to allow claim to be put into moot status." The motions were fully briefed.

On October 10, 2013, the court entered an order stating that plaintiff's motions requesting the court to moot his lawsuit and motion "not to dismiss plaintiff lawsuit" were difficult to discern and that it was not clear whether he was requesting a stay of the proceedings or a voluntary dismissal. The court ruled that, to the extent plaintiff was requesting a stay of the instant

proceedings, the motion was denied. To the extent plaintiff's motions could be construed as potential motions for voluntary dismissal, the court directed plaintiff to inform it whether he was requesting a voluntary dismissal without prejudice pursuant to Rule 41(a)(2). On October 16, 2013, plaintiff responded, stating that he does not wish to voluntarily dismiss this action.

## DISCUSSION

A.  Voluntary Dismissal

Plaintiff expressed a clear intent to continue with this action. Thus, plaintiff's motions requesting the court to moot his lawsuit (DE 32, 39) are DENIED. In light of plaintiff's expressed intent to continue with this action, plaintiff's motions expressing an intent not to voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(1) (DE 38, 45) are DENIED AS MOOT.

B.  Motion to Dismiss

1.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations

omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotations omitted).

2. Analysis

Plaintiff alleges that Land acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment. In response, Land raises the defense of qualified immunity against plaintiff's § 1983 action.

Government officials are entitled to qualified immunity from civil damages so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In other words, a government official is entitled to qualified immunity when (1) the plaintiff has not demonstrated a violation of a constitutional right, or (2) the court concludes that the right at issue was not clearly established at the time of the official's alleged misconduct. Pearson v. Callahan, 555 U.S. 223, 236 (2009).

The court first determines whether plaintiff alleged an Eighth Amendment violation. "In order to make out a *prima facie* case that prison conditions violate the Eighth Amendment, a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.' " Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (internal quotation omitted)). The Supreme Court has explained that the first prong is an objective one–the prisoner must show that "the deprivation of [a] basic human need was objectively 'sufficiently serious' "–and the second prong is subjective–the prisoner must show that "subjectively 'the officials act[ed] with a sufficiently culpable state of mind.' " See Strickler, 989 F.2d at 1379 (quotations omitted).

Beginning with the objective prong of the Eighth Amendment test, courts have found withdrawal symptoms to qualify as a serious medical need. See, e.g., Boren v. Northwestern Regional Jail Authority, No. 5:13cv013, 2013 WL 5429421, at *9 (W.D. Va. Sept. 30, 2013) (finding alcohol withdraw adequately states serious medical need); Mayo v. County of Albany, 357 F. App'x 339, 341-42 (2d Cir.2009) (heroin and alcohol withdrawal); Sylvester v. City of Newark, 120 F. App'x 419, 423 (3d Cir.2005) (acute drug withdrawal); Foelker v. Outagamie County, 394 F.3d 510, 513 (7th Cir.2005) (methadone withdrawal). Thus, the court assumes that plaintiff had a serious medical condition when his methadone prescription allegedly was abruptly terminated causing withdrawal.

The court now turns to the subjective prong of the test–whether defendants acted with deliberate indifference. "Deliberate indifference entails something more than mere negligence, . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." See Farmer v. Brennan, 511 U.S. 825, 835 (1994). It requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm. Id. at 837. An inmate is not entitled to choose his course of treatment. See Russell v. Sheffer, 528 F.2d 318, 318-19 (4th Cir. 1975) (per curiam). Likewise, mere negligence or malpractice in diagnosis or treatment does not state a constitutional claim. Estelle v. Gamble, 429 U.S. 97, 105-106 (1976); Johnson v. Quinones, 145 F.3d 164, 168 (4th Cir. 1998).

In support of his Eighth Amendment claim, plaintiff alleges that Land terminated his methadone prescription and refused to treat his withdrawal symptoms for ten (10) days. Although the Fourth Circuit Court of Appeals has held that the "cold turkey" cessation of methadone is not itself a constitutional violation, Fredericks v. Huggins, 711 F.2d 31, 32 & 34 (4th Cir. 1983), the

subsequent failure to monitor and treat plaintiff's withdrawal symptoms could arise to a constitutional violation. See Miltier v. Beorn, 896 F.2d 848, 853 (4th Cir. 1990) (finding that a delay in providing medical treatment in the face of observable symptoms may give rise to an inference of deliberate indifference), overruled in part on other grounds by, Farmer, 511 U.S. at 837; Gonzalez v. Cecil County, Maryland, 221 F. Supp. 2d 611, 617 (D. Md. 2002) (denying motion to dismiss where plaintiff alleged treatment for withdrawal symptoms "so woefully inadequate to suggest deliberate indifference"); Foelker v. Outagamie County, 394 F.3d 510, 513 (7th Cir. 2005) ("[B]ut drawing all inferences in [plaintiff's] favor, as we must at this stage, a reasonable jury could [] conclude that [the social worker] intentionally allowed [plaintiff] to suffer from the effects of withdrawal.") Accordingly, Land's motion to dismiss is DENIED, and the court will reserve its determination as to Land's qualified immunity defense on a more complete record.

## CONCLUSION

For the foregoing reasons, plaintiff's motions "to hold lawsuit in moot" (DE 32, 39) are DENIED, and his additional motions to stating an intention not to voluntarily dismiss the action (DE 38, 45), are DENIED AS MOOT. Finally, Land's first motion to dismiss (DE 26) is DENIED AS MOOT and his second motion to dismiss (DE 37) is DENIED. The Clerk of Court is DIRECTED to issue an initial order.

SO ORDERED, this the 4th day of February, 2014.

LOUISE W. FLANAGAN
United States District Judge